972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dwight STRAND; Lynn Strand, Appellants,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 91-3776.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 29, 1992.
Filed: July 15, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dwight Strand appeals from a judgment in favor of the United States on his Federal Tort Claims Act (FTCA) negligence action. Following a court trial, the district court[1] found Strand failed to prove that the defendant's negligence caused his injury. We affirm.
 
 
 2
 Strand commenced this action after he allegedly injured his neck in a car accident involving a government vehicle driven by a postal service employee. The parties submitted deposition testimony from medical experts and Strand's medical records to the court. Strand, his wife, and two of his former employees testified at the court trial. The district court found that Strand had failed to prove that the government's negligence caused his injury. On appeal, Strand argues that the testimony and objective medical evidence reveals that his neck injury was caused by the February 21, 1987 accident.
 
 
 3
 Minnesota law governs the substantive issues in this FTCA case. See Kruchten v. United States, 914 F.2d 1106, 1107 (8th Cir. 1990). Under Minnesota law, a plaintiff in a negligence case must prove that the defendant's breach of duty caused the plaintiff's injury. Block v. Target Stores, Inc., 458 N.W.2d 705, 711 (Minn. Ct. App. 1990), pet. for rev. denied, (Minn. Sept. 28, 1990). Causation is a question of fact. Lamke v. Louden, 269 N.W.2d 53, 56 (Minn. 1978). This court reviews the district court's factual findings under the clearly erroneous standard. Fed. R. Civ. P. 52(a). The factfinder's choice between two permissible views of the evidence cannot be clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 574(1985). Upon review of the record, we conclude the district court's finding-that Strand failed to prove that the government's negligence caused his injury-is based on a permissible view of the evidence and is not, therefore, clearly erroneous.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Edward J. Devitt, late a Senior United States District Judge for the District of Minnesota